ELLIS, Judge.
This is a possessory action, coupled with a demand for the value of timber allegedly wrongfully cut from plaintiffs’ property. Plaintiffs are Mrs. Sonora Towles Marsh, Mrs. Alice Ker Barber, Mrs. Sarah Gunby Kinne and Miss Suzanne LeSassier, who allege themselves to be in possession as owners of 475 acres of land in West Felicia-na Parish, known as Ouida Plantation. Defendants are Edward T. Dwyer, Edward John Dwyer and Morris Rosenthal Dwyer, who allege that they are in possession as owners of the 20.97 acre parcel from which the timber was cut, being part of the “Baker Tract”.
After trial on the merits, judgment was rendered, finding plaintiffs to be in possession of the disputed tract, and awarding them $525.00 as the value of the timber cut. From that judgment, defendants have appealed. Plaintiffs have answered the appeal, asking for an increase in the monetary damages awarded.
Ouida Plantation contains about 475 acres and is described as being bounded on the south, in part, by property of Dwyer. The “Baker Tract” contains about 300 acres, and is described as being bounded on the north, in part, by Ouida Plantation. There is no specific description of the common boundary between the properties. However, from the testimony and the maps filed in the record, we learn that the disputed tract lies in Section 75, Township 1 South, Range 4 West, and is bounded on the North by the section line between Sections 75 and 74 on the West by Baker Creek and on the South by an irregular fence line running in a northeasterly direction from Baker Creek.
Plaintiffs claim that the property line should be along the irregular fence line, and defendants allege that the section line is the property line.
According to testimony in the record, Ouida Plantation was formerly owned by Roberta and Sarah Towles and Kate LeSas-sier, who were sisters. In 1921, Robert Stewart, their brother-in-law, who was managing the plantation, had a survey of the South line made by James Kilbourne, who located the line in the approximate location shown by the latest survey. Mr. Stewart then destroyed an old fence which stood on the section line and built a new fence, which stands today, on the Kilbourne line. Miss Roberta Towles ran cattle in the disputed area for many years thereafter.
In 1948, the Dwyer family had a survey of the Baker Tract made by W. B. Smith, Civil Engineer, which showed the property line to be the section line. However, in April, 1955, Mr. Smith amended his survey to show the disputed tract as being claimed by Ouida Plantation.
Shortly after the 1948 survey, the Dwyers sold some of the timber from the disputed tract, and in about 1966 sold some more. When a third sale of timber on the tract was made in November, 1972, this suit resulted. The defendants have exercised no possession over the tract other than the three timber cuts.
On July 1, 1971, the plaintiffs leased Oui-da Plantation to Jessie Commena, for the purpose of “conducting animal husbandry operations” thereon. On July 1, 1974, a *1166 second lease for the same purposes was entered into, which was still in effect as of the time of the trial. Mr. Commena testified that he was familiar with the fences bounding Ouida Plantation, and that from the inception of the first lease, he had cattle grazing over the whole property. Edward T. Dwyer testified that Mr. Commena’s cattle had been grazing in the disputed parcel.
The trial judge found that plaintiffs, through Mr. Commena, had been in possession of Ouida Plantation, and the disputed parcel, for more than one year prior to the November, 1972, timber cutting. He further found plaintiffs to be entitled to $525.00 in damages for timber cut.
The following provisions of the Code of Civil Procedure are applicable.
“Art. 3655. The possessory action is one brought by the possessor of immovable property or of a real right to be maintained in his possession of the property or enjoyment of the right when he has been disturbed, or to be restored to the possession or enjoyment thereof when he has been evicted.”
“Art. 3658. To maintain the possessory action the possessor must allege and prove that:
“(1) He had possession of the immovable property or real right at the time the disturbance occurred;
“(2) He and his ancestors in title had such possession quietly and without interruption for more than a year immediately prior to the disturbance, unless evicted by force or fraud;
“(3) The disturbance was one in fact or in law, as defined in Article 3659; and
“(4) The possessory action was instituted within a year of the disturbance.” “Art. 3662. A judgment rendered for the plaintiff in a possessory action shall:
“(1) Recognize his right to the possession of the immovable property or real right, and restore him to possession thereof if he has been evicted, or maintain him in possession thereof if the disturbance has not been an eviction;
“(2) Order the defendant to assert his adverse claim of ownership of the immovable property or real right in a petitory action to be filed within a delay to be fixed by the court not to exceed sixty days after the date the judgment becomes executory, or be precluded thereafter from asserting the ownership thereof, if the plaintiff has prayed for such relief; and
“(3) Award him the damages to which he is entitled and which he has prayed for.
“A suspensive appeal from the judgment rendered in a possessory action may be taken within the delay provided in Article 2123, and a devolutive appeal may be taken from such judgment only within thirty days of the applicable date provided in Article 2087(l)-(3).”
We find that plaintiffs have met the burden imposed on them by Article 3658, supra. They have shown that the disputed tract is included within the fence surrounding Ouida Plantation. They have shown possession by the grazing of cattle thereon by their lessee, Mr. Commena, beginning in July, 1971. They have shown a disturbance of their possession, by the cutting of timber on the disputed tract, by one acting for the defendants, in November, 1972. This action was instituted within one year of the disturbance. See Kilchrist v. Conrad, 191 So.2d 705 (La.App. 3 Cir. 1966).
Since plaintiffs are legally in possession of the disputed tract, they are entitled to damages for the cutting of timber thereon. Article 3662, Code of Civil Procedure, supra; Gillan v. Jones, 157 So.2d 598 (La.App. 2 Cir. 1963). The trial judge found that “some 15,000 feet of stumpage were proven to have been cut during this November, 1972 cutting at a price to the cutter (Mr. Chris Metz) of $35.00 a thousand (feet). This would total $525.00.” He found no bad faith on the part of the defendants.
Defendants contend that plaintiffs failed to prove their damages with the certainty required by law. Plaintiffs claim that the court should have found defendants in bad faith, and awarded the manufactured value *1167 of the 52,800 board feet of timber which they claimed were cut.
Chris Metz, who cut the timber, testified that he estimated he had cut 17,000 to 18,-000 feet of lumber on the disputed tract during a two-day period, and that he was paid $35.00 per thousand board feet at the mill. He testified that he was making a guess at the amount cut, and stated that he “could probably look it up and tell you exactly.”
Robert Burkhalter testified as an expert for plaintiffs, based on two years study in forest technology at a junior college, and three years employment with a forest management company. He had made a stump count on the disputed tract, and estimated that 3,800 feet of pine and 49,000 feet of hardwood had been cut. An objection was made to Mr. Burkhalter’s qualification to testify as an expert, which the trial court properly referred to the weight to be given the testimony.
Apparently, the trial judge elected to disregard the testimony of Mr. Burkhalter, and to reduce Mr. Metz’s estimate somewhat because of its vague nature. We find no manifest error in his conclusion in this respect.
Since the record makes it clear that each side in this case considers themselves to be the owners of the disputed tract, and that the dispute has been going on for years without being resolved, we think the trial court properly found that the defendants were not in bad faith in cutting timber thereon.
The judgment appealed from is therefore affirmed, at defendants’ cost.
AFFIRMED.